```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

FREDERICK T. RAY, III           :      CIVIL ACTION
                                :
         v.                     :
                                :
MAJOR WALTER REED, *et al.*     :      NO. 04-cv-00810-JF

<u>MEMORANDUM</u>

Fullam, Sr. J.                                November 9, 2010

At an earlier stage of the proceedings, I granted the defendants' motion to dismiss, noting that plaintiff had failed to respond to the motion. The plaintiff appealed, and a panel of the Third Circuit Court of Appeals reversed. Upon remand, I converted the defense motion, which was accompanied by a significant amount of evidentiary material, into a motion for summary judgment under Fed. R. Civ. P. 56. The plaintiff was granted several extensions of time in order to conduct discovery and respond to the motion.

This case, along with a number of others, arose from the plaintiff's pretrial detention at the Chester County Prison. In this action, the plaintiff alleges that for approximately 40 days he was required to wear cuffs and shackles at all times when he was out of his cell, including when he was in the exercise yard. In addition, the plaintiff alleges that he was not given notice before being placed in administrative segregation.

The defendants moved for dismissal of the complaint on several grounds, the first being that the plaintiff failed to exhaust his administrative remedies as required by statute. 42

U.S.C. § 1997(e). It is undisputed that the plaintiff did not exhaust his administrative remedies; the prison requires an appeal to the warden of a denied grievance. However, the plaintiff alleges that he was unable to exhaust his administrative remedies because the prison officials would not provide him with a grievance form.

Although the plaintiff alleges that he was denied a grievance form, he did submit a number of inmate request forms, which set forth the nature of his complaints, and to which he received substantive responses (for example, approval to exercise without restraints came in response to an inmate request). Even if the plaintiff were denied the grievance form, the evidence shows that the substance of his complaint was addressed, and there is no evidence that the plaintiff attempted to appeal to the warden. The plaintiff's failure to exhaust his administrative remedies is fatal to his case. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) (holding that "exhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court").

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.